**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Sarah Park, | ) | C/A No. 3:10-2949-JFA |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Southeast Service Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Southeast Service Corporation, moves to dismiss Plaintiff Sarah Park's claims for negligent entrustment, wrongful intrusion into private affairs, and outrage. For the foregoing reasons, the court grants Defendant's motion in part and denies it in part.

**BACKGROUND**

In late 2008, an employee at E. L. Wright Middle School discovered a hidden video camera in one of the school's faculty lounges, which was positioned to record female employees of the school using the restroom. The employee reported her discovery to law enforcement officials, and a review of the tape revealed that Plaintiff, along with other female employees of the school, had been videotaped using the restroom without their knowledge. A review of the videotape also revealed the identity of the culprit, David Richardson, as he had managed to record himself on the videotape as well. At the time of the surreptitious recordings, Richardson was employed by Defendant as a contract janitor for the school.

## LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Accordingly, Plaintiffs must put forth claims that crosses "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted).

## ANALYSIS

### I. Negligent Entrustment

In her second cause of action, Plaintiff alleges that Defendant negligently entrusted Richardson to perform janitorial duties at Plaintiff's school, despite having actual or constructive knowledge that Richardson was unfit to work in a school, and negligently

2

entrusted Richardson to have access to places of personal privacy, such as restrooms**.** (Compl. ¶¶ 24–25.) Because Defendant ignored the alleged unreasonable risk it created by entrusting Richardson to perform his duties in these environments, Plaintiff claims that Richardson was able to surreptitiously videotape her using the restroom, which caused her emotional distress . (*Id.* ¶ 26.)

Defendant moves the court to dismiss this cause of action from Plaintiff's complaint because it does not believe Plaintiff has alleged facts sufficient to constitute a cause of action for negligent entrustment under the South Carolina Supreme Court's decision in *American Mutual Fire Insurance Company v. Passmore*, 275 S.C. 618, 274 S.E.2d 416 (1981) or the South Carolina Court of Appeals' decision in *Jackson v. Price*, 288 SC 377, 342 S.E.2d 628 (Ct. App. 1986), both of which required a showing by the plaintiff that a defendant negligently entrusted a motor vehicle to another. Nor does Defendant believe that Plaintiff has alleged facts sufficient to establish a cause of action for negligent entrustment under sections 308 and 390 of the Restatement (Second) of Torts, which could be interpreted to permit a negligent entrustment cause of action with respect to an activity rather than an object, despite the fact that the South Carolina Supreme Court has twice refused to adopt these sections of the Restatement, at least with respect to factual scenarios involving a motor vehicle. *See Gadson v. ECO Servs. of S.C., Inc.*, 374 S.C. 171, 176–77, 648 S.E.2d 585, 588 (2007).

Although Plaintiff acknowledges the fact that a negligent entrustment cause of action has predominately been applied in cases involving automobile accidents, and in particular

3

cases involving intoxicated drivers, she contends that the South Carolina Supreme Court has never limited its application to such cases. On this point, Plaintiff appears to be correct, as the Supreme Court in *Gadson* explicitly stated that it declined to adopt sections 308 and 390 of the Restatement based on the set of facts presented in that case. *Id; see also Becker v. Estes Express Lines, Inc.*, No. 8:07-716-HMH, 2008 U.S. Dist. LEXIS 20400, at *7 (D.S.C. March 13, 2008) (noting that, in *Gadson*, the Supreme Court declined to adopt the broader definition of negligent entrustment set forth in the Restatement based on the set of facts of that case). Being the case, Plaintiff believes she has sufficiently alleged a cause of action for negligent entrustment to survive Defendant's motion to dismiss.

After considering the parties' respective positions, the court declines Defendant's motion to dismiss this cause of action. Because of the state of the law with respect to negligent entrustment claims, the court finds that Plaintiff has sufficiently alleged facts that constitute a plausible claim, when viewed in the light most favorable to Plaintiff. Nevertheless, the court maintains some skepticism about its viability in this case. Being that Plaintiff's causes of action for negligent hiring and negligent supervision are still a part of this case, the court suspects this cause of action, if it is ultimately legally viable, may prove to be duplicative of those causes of action. Moreover, Plaintiff has not directed the court's attention to any precedent which involves both a negligent hiring/supervision cause of action, along with a negligent entrustment cause of action involving an activity. Of course, many of these matters can be dealt with at the summary judgment stage of this litigation, when both the parties and the court have a more developed factual record to review. Accordingly, the

court denies Defendant's motion to dismiss Plaintiff's negligent entrustment cause of action.

## II. Respondeat Superior Liability for a Wrongful Intrusion into Private Affairs and Outrage

In *Snakenberg v. Hartford Casualty Ins. Co.*, the South Carolina Court of Appeals stated that a plaintiff must plead and prove the following elements to establish a cause of action for wrongful intrusion into private affairs:

> (1) Intrusion. An intrusion may consist of watching, spying, prying, besetting, overhearing, or other similar conduct. Whether there is an intrusion is to be decided on the facts of each case.
>
> (2) Into that which is private. The intrusion on the plaintiff must concern those aspects of himself, his home, his family, his personal relationships, and his communications which one normally expects will be free from exposure to the defendant.
>
> (3) Substantial and unreasonable enough to be legally cognizable. The law does not provide a remedy for every annoyance that occurs in everyday life. In order to constitute an invasion of privacy, the defendant's conduct must be of a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances. The law protects normal sensibilities, not heightened sensitivity, however genuine. Whether the conduct in question meets this test is, in the first instance, a question of law for the court.
>
> (4) Intentional. The defendant's act or course of conduct must be intentional. For purposes of civil liability, an act is intentional if (1) it is done willingly; and either (2) the actor desires the result of his conduct, whatever the likelihood of that result happening; or (3) the actor knows or ought to know the result will follow from his conduct, whatever his desire may be as to that result.

299 S.C. 164, 171–72, 383 S.E.2d 2, 6 (Ct. App. 1989) (internal quotations and citations omitted). In her complaint, Plaintiff alleges that Defendant is vicariously liable for the acts of Richardson, as his employer, because his intentional use of a video camera to record her

5

using the restroom intruded on aspects of Plaintiff's life that she expects to be free from exposure and caused her to suffer emotional distress. (Compl. ¶¶ 32–38.)

Plaintiff also asserts a claim of outrage against Defendant. To establish an outrage, or intentional infliction of emotional distress, cause of action, Plaintiff must prove the following: (1) The defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was severe so that no reasonable man could be expected to endure it. *Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Solutions*, 388 S.C. 394, 401–02, 697 S.E.2d 551, 555 (2010); *Melton v. Medtronic, Inc.*, 389 S.C. 641, 650, 698 S.E.2d 886, 891 (Ct. App. 2010). In her complaint, Plaintiff alleges that Richardson's surreptitious videotaping of her using the restroom, while serving as an employee of Defendant, amounts to outrageous conduct, performed intentionally, which caused her to suffer severe emotional distress. (Compl. ¶¶ 39–43.) As such, Plaintiff also asserts this cause of action against Defendant under a theory of respondeat superior liability.

Defendant moves the court to dismiss both of these causes of action from Plaintiff's complaint because it does not believe there is a factual or legal basis for a finding of respondeat superior liability under the facts as alleged by Plaintiff. As the South Carolina Supreme Court has stated,

> The doctrine of respondeat superior rests upon the relation of master and servant. *Lane v. Modern Music, Inc.*, 244 S.C. 299, 136 S.E.2d 713 (1964). A plaintiff seeking recovery from the master for injuries must establish that the relationship existed at the time of the injuries, and also that the servant was then about his master's business and acting within the scope of his employment. *Id.* An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business. *Id.* These general principles govern in determining whether an employer is liable for the acts of his servant. *Id.*
>
> The act of a servant done to effect some independent purpose of his own and not with reference to the service in which he is employed, or while he is acting as his own master for the time being, is not within the scope of his employment so as to render the master liable therefor. *Lane*, *supra*. Under these circumstances the servant alone is liable for the injuries inflicted. *Id.* If a servant steps aside from the master's business for some purpose wholly disconnected with his employment, the relation of master and servant is temporarily suspended; this is so no matter how short the time, and the master is not liable for his acts during such time. *Id.*

*Armstrong v. Food Lion, Inc.*, 371 S.C. 271, 276, 639 S.E.2d 50, 52–53 (2006) (affirming a trial court's decision to direct a verdict for the employer with respect to the plaintiff's assault, battery, and outrage claims after the plaintiff failed to show that these torts were committed for the purpose of, or in some way furthered, the employer's business). After considering Defendant's arguments and the relevant legal principles, the court agrees with Defendant that Plaintiff's claim for wrongful intrusion into private affairs and outrage should be dismissed, as Plaintiff has not submitted to the court a plausible argument that Richardson's decision to video record Plaintiff using the restroom was an act committed in furtherance of his employment.

Plaintiff contends that, under South Carolina law, a master is liable for the torts of his servant even when the servant acts against the express instructions of his master, so long as

7

the servant acts to further the master's business. (Plf.'s Resp. at 21.) But the surreptitious videotaping of Plaintiff using the restroom is not an act that can reasonably be considered to have been done with the purpose of in some way furthering Defendant's business, which is to provide janitorial services to the school at which Plaintiff worked. At the hearing, Plaintiff also contended that Richardson would not have been present at the school in which Plaintiff worked if it had not been for his employment with Defendant, which provided him the means to carry out the tort at issue. The court finds this argument to have little merit, as there are no allegations that Defendant furnished Richardson with the video camera he used to carry out this tort, and more importantly, the court believes this argument ignores the fact that Plaintiff must first show that Richardson's video recording somehow furthered Defendant's business of providing janitorial services. Here, the court finds that the only appropriate way to view Richardson's acts are as a temporary suspension of the master-servant relationship, for which Richardson himself is solely liable. Therefore, the court dismisses Plaintiff's wrongful intrusion of private affairs and outrage causes of action as alleged against Defendant.

IT IS SO ORDERED.

February 16, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge