**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Sarah Park, ) | C/A No.: 3:10-cv-2949-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Southeast Service Corp., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Defendant Southeast Service Corporation moves the court to exclude Plaintiff's expert witness from this case because of a potential conflict of interest created by the expert's communication with counsel for the Defendant several weeks prior to the Plaintiff's decision to retain the expert. On May 11, 2011, counsel for the Defendant contacted Dr. Donna Schwartz-Watts by telephone to discuss the possibility of her serving as an expert witness for the Defendant in this case. According to counsel for Defendant, she explained the facts of the case to Dr. Schwartz-Watts, as well as the type of information she had already received related to Plaintiff's claim for emotional distress. She avers she also relayed several mental impressions about the case to Dr. Schwartz-Watts. At the conclusion of their conversation, counsel for Defendant expressed her desire to retain Dr. Schwartz-Watts as an expert, but that her client would have to approve her use as an expert and her fee schedule before she could retain her officially. After the conversation, Dr. Schwartz-Watts e-mailed Defendant her curriculum vitae and

her fee schedule so that counsel for the Defendant could make that information available to her client.

On June 9, 2011, counsel for Plaintiff contacted Dr. Schwartz-Watts about retaining her as an expert for Plaintiff's case. Dr. Schwartz-Watts had not heard back from Defendant by this date, and she claims to have only vaguely recalled talking with counsel for the Defendant about the case. She informed Plaintiff's counsel of the fact that she may have spoken with counsel for the Defendant, but she concluded, after talking with a member of the South Carolina bench and a member of the South Carolina Bar, that she was not conflicted to such an extent that she could not serve as an expert for the Plaintiff. On June 17, 2011, Plaintiff designated Dr. Schwartz-Watts as her expert witness, which led to the filing of this motion by the Defendant.

As the law provides, "[t]he Court has the inherent power to disqualify experts." *See, e.g.*, *W.R. Grace & Co. v. Gracecare, Inc.*, 152 F.R.D. 61, 64 (D. Md. 1993). "That power derives from the necessity to protect privileges which may be breached when an expert switches sides, and from the necessity to preserve public confidence in the fairness and integrity of judicial proceedings." *Id.* In reviewing a motion to disqualify an expert based on communications with the other side, other courts have implemented a two-prong test: First, the court must determine whether the attorney or client acted reasonably in assuming that a confidential relationship of some sort existed with the expert, and, if so, whether the relationship developed into a matter sufficiently substantial to make disqualification or some other judicial remedy appropriate. *Id.* (internal quotation omitted).

While it is certainly a close call, the court believes Defendant established both elements of the two-prong test. She had a conversation with Dr. Schwartz-Watts regarding her mental impressions of this case and, in particular, the Plaintiff's claim for emotional distress. Moreover, Dr. Schwartz-Watts e-mailed her information to counsel for the Defendant in order to be retained as an expert. The court believes this relationship was sufficiently substantial, in light of the considerations discussed below, to warrant disqualifying Plaintiff's expert in this case. If there was any hint that the counsel for the Defendant had contacted Dr. Schwartz-Watts and delayed getting back in touch with her in an order to preclude the Plaintiff from retaining her, the court would be inclined to deny Defendant's motion. But that is not the case here. Counsel for the Defendant submitted Dr. Schwartz-Watts information to its client on May 17, 2011, only several days after speaking with her, in an effort to obtain her client's approval. It was the client that took a while to respond to its lawyer, and it appears to the court that counsel for the Defendant had every intention of hiring Dr. Schwartz-Watts as an expert.

Regardless of the satisfaction of the two-prong test discussed above, the court cannot overlook the fact that its duty is to ensure public confidence in the fairness and integrity of the legal system. The parties have admitted that they have put on hold any work by experts in this case pending the resolution of this motion. Thus, Plaintiff is not heavily invested in this expert, and the expert has no personal knowledge of the facts of this case, which would make her involvement necessary. As such, the court finds it more prudent to remove any possible conflicts while it can do so without prejudicing either party in any considerable manner. The court is mindful of the good working relationship

3

between Plaintiff's counsel and the expert, but that fact does not outweigh the benefit realized by this case and this tribunal in making sure that any potential problems arising from this issue are quashed at this stage of the litigation. Both sides conceded the fact that other experts are available who can analyze the issues Plaintiff's expert was retained to address, and this court will amend the scheduling order to allow for the parties to continue developing their case in light of this court's ruling. Accordingly, Defendant's motion to exclude the Plaintiff's expert is granted.

     IT IS SO ORDERED.

August 24, 2011                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge